IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMILY STEMPER.

       Plaintiff,          ORDER

   v.               04-cv-838-jcs

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

---

    Because Judge Shabaz will be convalescing from shoulder surgery for an extended period of time, I have assumed administration of the cases previously assigned to him, including this one.   On April 14, 2005, Judge Shabaz remanded this case to the Commissioner to determine specifically whether the combination of plaintiff's impairments equaled a listed impairment.  On April 24, 2007, Administrative Law Judge Linda Halperin granted plaintiff benefits from June 21, 2001, the onset date of her disability.  Plaintiff was awarded past-due benefits in the amount of $76,560.50.

    Now plaintiff has filed a motion pursuant to 42 U.S.C. § 406(b), asking for approval of a payment of $14,946.66 to her attorney, Dana Duncan.  This amount represents 25 percent of plaintiff's past-due benefits awarded by the Social Security Administration, less $4,193.34 in attorney fees that Judge Shabaz awarded previously to Duncan under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

42 U.S.C. § 406 governs the award and collection of fees by attorneys representing claimants seeking social security disability benefits.  42 U.S.C. § 406(a) governs the award and collection of attorney fees for the representation of claimants in administrative proceedings; 42 U.S.C. § 406(b) governs the award and collection of fees by attorneys for the representation of claimants in court.  Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002).  As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant.  § 406(b)(1)(A).  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." Id.  An attorney who is awarded fees under the Equal Access to Justice Act and under § 406(b) must refund to the claimant the amount of the smaller fee. Gisbrecht, 535 U.S. at 796.

In Gisbrecht, 535 U.S. at 807, the Court concluded after reviewing the text and history of § 406(b) that the statute "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  Rather, said the Court, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  Id. Factors relevant to the reasonableness inquiry include the character of the representation, the results achieved, whether the lawyer was responsible for any delay that might have led to the accumulation of benefits and whether the "benefits are large in comparison to the amount of time counsel spent on the case."  Id. at 808.

The commissioner asserts that he does not oppose a "reasonable award of fees" pursuant to the fee arrangement between plaintiff and Duncan.  He points out, however, that an award of 25% of plaintiff's past benefits would compensate Duncan at the rate of $666 an hour, more than three times Duncan's normal hourly rate in non-contingent-fee cases.  Duncan argues that the projected hourly rate calculated by the commissioner is too high because it accounts only for the time Duncan spent in court and not on time he spent in the administrative proceedings.  However, § 406(b) governs fees for representation in court and not in the administrative proceedings.  Therefore, I cannot consider the hours that Duncan spent in the administrative proceedings in determining the reasonableness of the award.

Nonetheless, I am not persuaded by the commissioner's suggestion that awarding the full 25% contingent fee authorized by Duncan's agreement with plaintiff would amount to a windfall to Duncan.  Duncan succeeded in having plaintiff's case remanded to the commissioner because of the arguments he made in his briefs.  The court was persuaded by Duncan's arguments that the administrative law judge failed to consider whether or not the combination of plaintiff's impairments equaled a listing and that the administrative law judge did not follow the regulations when he considered the opinions of plaintiff's treating physicians.  This is not a case where the remand came about with little or no effort from plaintiff's lawyer.  His success in this court led ultimately to a favorable result from the commissioner on remand and an award of past due benefits for plaintiff since June 21, 2001.

Both the character of Duncan's representation of plaintiff and the results that plaintiff received support the reasonableness of the award of 25% of plaintiff's past due benefits as attorney fees in this case.  He did not delay the case proceedings.

Plaintiff and her lawyer agreed to the amount of attorney fees pursuant to a written agreement.  Sound policy reasons support upholding this agreement.  As Judge Adelman explained in <u>Koester v. Astrue</u>, 482 F. Supp. 2d 1078, 1082 (E.D. Wis. 2007), any determination of the reasonableness of fees in these cases in which the lawyer does prevail must take into account the lawyer's risk of not being compensated for his time when his client does not prevail.  Further, failure to award fees in conformance with contingency fee agreements could deter experienced counsel from representing plaintiffs seeking benefits. <u>Id</u>.  That Duncan's projected hourly rate if he recovers his full fee will far exceed what he would charge in non-contingent fee cases is not unusual.  <u>Id</u>. at 1083 (citing cases approving fees translating to hourly rates of $694, $393, $605, $187.44, $206 and $350).  Having considered the character of work performed, the results achieved and the efforts expended by counsel, I am satisfied that his fee request is reasonable.

ORDER

IT IS ORDERED that plaintiff's motion for an order approving an award of attorney fees pursuant to 42 U.S.C. § 406(b) is GRANTED.  Plaintiff's attorney, Dana Duncan, is entitled to attorney fees in the amount of $14,946.66, which represents 25 percent of

4

plaintiff's past-due benefits awarded by the Social Security Administration, less $4,193.34 in attorney fees that this court awarded previously to Duncan pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Entered this 14th day of July, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

5